OPINION
 STATEMENT OF THE CASE AND FACTS
On March 12, 1998, Kimberly Klebs filed a Petition to Establish Child Support for her two children Brittany Glaser (born April 25, 1994), and Kristina Glaser (born January 6, 1996). On January 26, 1998, the Stark County Child Support Enforcement Agency filed an administrative order establishing parentage and determining appellant to be the father of the minor children. In an April 24, 1998 Judgment Entry, the trial court ordered, as an interim order, appellant to pay $1,000 per month for child support. On July 7, 1998, appellee filed a Motion to Show Cause and an Affidavit alleging appellant had failed to make child support payments pursuant to the court's order. A hearing on the matter was set for September 21, 1998. On October 16, 1998, appellant filed a Motion for Contempt alleging appellee violated the court's orders relative to companionship. A hearing on this matter was also set for December 1, 1998. Appellant is a self employed insurance sales person. He does not maintain a checking account. At the December 1, 1998 evidentiary hearing, appellant had no business receipts to offer into evidence. However, appellant did introduce his 1997 federal income tax return for his insurance business. This income tax return demonstrated appellant claimed a deduction in the amount of $7,500 for commissions paid to his deceased brother. Appellant had no receipt or documentation as to that claimed expense. Further, appellant testified at the December 1, 1998 hearing that he owned a limousine but "there's no business" and "I don't get paid anything on the limousine." T. of December 1, 1998 hearing at 51-52. The magistrate issued its decision on December 2, 1998, in which he set child support payments and continued the hearings on custody and contempt. On December 17, 1998, appellee filed a Motion to Set Aside the Magistrate's Order. On August 13, 1999, appellee filed an Amended Motion for Contempt with attached affidavit. On September 2, 1999, appellee filed another motion for contempt, this time alleging appellant gave false testimony under oath regarding his income from the limousine service at the December 1, 1998 hearing. An evidentiary hearing was set for October 19, 1999. At the October 19, 1999 hearing, appellant acknowledged he had a business card for the Limousine Company. The front of the card stated "L.A.'s Limousine Service" with a subheading stating "All Occasions Hourly and Daily Rates." This business card had appellant's home phone number and his number at the insurance agency. Appellant conceded he had the business cards printed up in April or May of 1997. Michael Durkin, a private investigator hired by appellee, also testified at the hearing. On March 30, 1999, Mr. Durkin arranged to rent the limousine from appellant for $350 for the evening. When presented with this information on cross-examination, appellant conceded he had rented the limousine before March 30, 1999, but had never declared income from this business on his tax returns. The following exchange took place on the record: Q. Now you recall testifying during the evidentiary hearing back in December of 1998 that the limousine was being used and sent out three times a month?
A. I can't say that, on average maybe two times a month. T. at 22.
On November 3, 1999, the trial court filed its Judgment Entry finding appellant to be in contempt of court and sustaining appellee's motion to set aside the magistrate's decision. Further, the judgment order set child support in the sum of $434.78 per child per month. It is from this judgment entry appellant prosecutes this appeal assigning the following as error:
 I. THE COURT ERRED IN IMPUTING INCOME TO THE APPELLANT FOR THE USE OF HIS LIMOUSINE.
 II. THE COURT ERRED IN FINDING THAT THE APPELLANT WAS IN CONTEMPT OF COURT FOR FAILING TO DISCLOSE INCOME FROM THE LIMOUSINE SERVICE.
 III. THE COURT ERRED WHEN IT SUSTAINED THE MOTION TO SET ASIDE FILED BY THE APPELLEE.
 I
In his first assignment of error, appellant maintains the trial court erred in imputing income from appellant's limousine service to him for purposes of the child support calculation. We disagree. In its November 3, 1999 Judgment Entry, the trial court made the following conclusion of law: 2. The court will impute income of $5,000 per year to Mr. Glaser's limousine business. * * * Mr. Glaser's [sic] shall pay to Ms. Klebs $434.78 per child per month plus processing fee as in for child support beginning March 12, 1998. Said payments shall be made through the Stark County Child Support Enforcement Agency.
Judgment Entry at 2.
Appellant maintains the trial court may not impute income to a parent for the purpose of determining child support obligations unless it first finds that parent is voluntary unemployed or underemployed. While this statement is technically correct, we believe the trial court was applying R.C. 3113.215(B)(5)(a), which states as follows: (5) When a court computes the amount of child support required to be paid under a child support order or a child support enforcement agency computes the amount of child support to be paid pursuant to an administrative child support order issued pursuant to section 3111.20, 3111.21, or 3111.22 of the Revised Code, all of the following apply:
(a) The parents shall verify current and past income and personal earnings with suitable documents, including but not limited to, paystubs, employer statements, receipts and expense vouchers related to self-generated income, tax returns, and all supporting documentation and schedules for the tax returns.
We agree with appellee and find the trial court was inferring from the evidence presented an amount of income from the limousine business from which to calculate the new child support obligation. This is especially reasonable in light of the fact appellant failed to disclose any income from this business at the original evidentiary hearing. Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant maintains the trial court erred in finding appellant in contempt for failing to disclose income from his limousine business. We disagree. R.C. 3113.215(B)(5)(a) requires a party in a child support proceeding to disclose and verify a parties income and personal earnings. As noted in our statement of facts supra, appellant informed the court he obtained no income from the limousine business in 1997. However, at the October 19, 1999 hearing, appellant admitted he had rented the vehicle on different occasions before March 30, 1999. T. at 22. Further, appellant conceded he and his girlfriend, Lisa Lutz, had been charging $50 an hour plus a tip for the driver. T. at 21. The record of proceedings establishes appellant failed to disclose income from his limousine at the December 1, 1998 evidentiary hearing. Accordingly, we find no error in the trial court's finding appellant in contempt and imposing a sanction. Appellant's second assignment of error is overruled.
 III
In his third assignment of error, appellant maintains the trial court erred in granting appellee's motion to set aside the magistrate's decision. Specifically, appellant maintains the trial court misconstrued R.C. 3113.215(A)(4) in determining paid commissions were impermissible deductions to reduce an obligor's income when calculating child support. R.C. 3113.215(A)(4) states: (4)(a) "Ordinary and necessary expenses incurred in generating gross receipts" means actual cash items expended by the parent or the parent's business and includes depreciation expenses of replacement business equipment as shown on the books of a business entity.
(b) Except as specifically included in "ordinary and necessary expenses incurred in generating gross receipts" by division (A)(4)(a) of this section, "ordinary and necessary expenses incurred in generating gross receipts" does not include depreciation expenses and other noncash items that are allowed as deductions on any federal tax return of the parent or the parent's business.
In its November 3, 1999 Judgment Entry, the trial court stated in its Findings of Fact and Conclusions of Law No. III: The court further finds that certain deductions claimed by Mr. Glaser against his income from insurance sales are not proper with respect to calculating child support. Depreciation, car expenses, and commissions may not be used to reduce an obligor's income. O.R.C. 3113.215(A)(4).
Judgment Entry at 2.
We find the trial court erred in excluding commissions from the allowable deductions pursuant to R.C. 3113.215(A)(4). While it may have been reasonable for the trial court to exclude the commission because it found appellant's testimony on the subject to be not credible, the trial court made no such finding. Notwithstanding any other basis for the conclusion, the trial court's stated reason for disallowing the deduction was incorrect. Accordingly, we sustain appellant's third assignment of error and remand the issue of child support for redetermination. Appellant's third assignment of error is overruled.
The November 3, 1999 Judgment Entry of the Stark County Court of Common Pleas, Family Court Division is affirmed in part and reversed in part. This matter is remanded to the trial court for further proceedings consistent with this opinion and the law.
 _____________ Reader, V.J.
Gwin, P.J. and Hoffman, J. concur